IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DON EARL WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-07-1320-C |
| | ) | |
| GEO CORPORATION, et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, seeking recompense for alleged violations of his constitutional rights and alleging violations of Oklahoma tort law. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Robert E. Bacharach. Judge Bacharach entered two Report and Recommendations ("R&R") on November 26, 2008, to which Plaintiff and Defendants timely objected.

The facts and law are accurately set out in the Magistrate Judge's R&Rs and there is no purpose to be served in repeating them yet again. Indeed, the only argument meriting additional comment is Defendants' statute of limitation arguments. Simply put, the exhibit offered by Defendants is insufficient to demonstrate that Plaintiff's case was not timely filed. As Judge Bacharach noted, more than a month passed between the date Plaintiff stated he mailed his Complaint and the date the limitation period expired. In the absence of evidence

demonstrating the Complaint was not timely mailed, Defendants are not entitled to judgment on this defense.

Turning to Plaintiff's Objection, it is clear that, as Judge Bacharach noted, Plaintiff failed to exhausts his administrative remedies prior to filing his Complaint. The Court finds a dismissal without prejudice is proper as to the unexhausted claims.

Accordingly, the Court adopts, in its entirety, the R&Rs of the Magistrate Judge (Dkt. Nos. 41 and 42). As set out by Judge Bacharach, Plaintiff's claims against Dr. Hartley, Kathy Hernandez, John and Jane Doe state physicians, and John and Jane Doe security gate manufacturers are DISMISSED without prejudice for failure to timely serve; the Motion to Dismiss the constitutional claims related to the installation and operation of the security gate is GRANTED, and those claims are DISMISSED for failure to exhaust administrative remedies; the Motion to Dismiss based on the statute of limitations is DENIED; the Motions for Summary Judgment for deliberate indifference to serious medical needs are DENIED; Defendant Halverson's request for dismissal based on lack of personal participation is DENIED; and the Motion to Dismiss the medical malpractice claims is DENIED.

IT IS SO ORDERED this 29th day of January, 2009.

ROBIN J. CAUTHRON
United States District Judge